UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2010 DEC 13

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**JEFFREY SILVERMAN**
Plaintiff,

v.

**SUNTRUST MORTGAGE, INC.,** a
foreign corporation, **TRANS UNION
LLC,** a foreign limited liability company,
Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No.: 2:10CV1059

**Plaintiffs Demands Jury Trial**

## COMPLAINT

**COMES NOW** the Plaintiffs, by and through undersigned counsel, and would show unto

this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought

   by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants,

   jointly and severally for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

   *seq* (hereinafter referred to as "the FCRA") and violations of the bankruptcy discharge

   injunction

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

   and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Defendants'

   violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County,

   Alabama, and were committed within the Northern Division of the Middle District of

   Alabama.

1

## PARTIES

3. Plaintiff Jeffrey Silverman (hereinafter referred to as "Plaintiff") is a natural person and resident of Montgomery County, the State of Alabama, and of the United States. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Suntrust Mortgage, Inc., (hereinafter referred to as "Suntrust" or "Defendant") is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**Defendant Suntrust:**

6. Plaintiff reincorporates by reference herein paragraphs one (1) through five (5).

7. In 2009, Plaintiffs filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on March 1, 2010. [1]

8. Defendant Suntrust was involved in the Plaintiffs' Chapter 7 Bankruptcy. Specifically,

    a. Suntrust was listed on the Schedule F for creditors holding unsecured nonpriority claims in the amount of 1,657,855.00. This debt was discharged through the Bankruptcy. Suntrust received notice of the discharge through the BNC.

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 09-32988.

9. Notwithstanding the aforesaid, Defendant Suntrust continues to report Plaintiff's account to one of the three national consumer reporting agency (hereinafter referred to as "Credit Reporting Agency" or "CRA") as having a balance due and payable, rather than reflecting that such were discharged in bankruptcy.

   a. Suntrust reported to Trans Union, LLC on October 5, 2010, that Plaintiff has an outstanding balance with, and remain personally liable to, Suntrust for the $1,635,549.00. The account balances were still showing as of October 13, 2010.

   b. Suntrust has properly reported this account to Experian and Equifax.

10. Defendant Suntrust obtained knowledge of Plaintiff's discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

11. Notwithstanding that Defendant properly updates numerous accounts each month it has intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers. More specifically, Defendant has a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

12. Defendant has promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

13. Defendant has a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report

so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

14. Defendant knows that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

15. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

16. The Plaintiff have suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

**Defendant Trans Union:**

17. Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

18. Indisputably, based upon sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

19. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

**COUNT ONE**
**TRANS UNION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

20. Plaintiff incorporates by reference herein paragraphs one (1) through nineteen (19).

21. In the entire course of their actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

   b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiff; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiff.

22. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

23. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

24. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

25. Plaintiff has suffered injury to his credit report, have been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiffs' credit history.

## COUNT TWO
## DEFENDANT SUNTRUST WILLFUL
## VIOLATION OF THE DISCHARGE INJUNCTION
## ATTEMPTING TO COLLECT A DISCHARGED DEBT

26. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-five (25).

---

[2] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

27. Defendant has willfully violated the Chapter 7 discharge injunction by attempting to collect a debt that arose prior to and was discharged in Plaintiff's bankruptcy case. More specifically, Defendant assigned, cosigned, or otherwise transferred for the purpose of collection a discharged account subsequent to receiving notice of its discharge.

28. Because Defendant obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., receipt of the BNC Certificate of Service– Meeting of the Creditors and the BNC Certificate of Service– Order of Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction.  Despite such knowledge, Defendant continues their collection efforts upon the discharged debt.

29. As a result thereof, the Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

30. Accordingly, Defendant should be held in contempt and is liable to the Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

## COUNT THREE
## DEFENDANT SUNTRUST WILLFUL
## VIOLATION OF THE DISCHARGE INJUNCTION
## CONTINUING TO REPORT DISCHARGED DEBTS ON PLAINTIFF'S CREDIT
## REPORTS

31. Plaintiffs incorporate paragraphs one (1) through thirty (30) as if fully state herein.

32. Defendant willfully violated the Chapter 7 discharge injunction by reporting to one or more credit reporting agencies, subsequent to its knowledge of the discharge, that the discharged debt had a balance due and owing to Defendant.

33. It is standard protocol in the credit reporting industry that accounts discharged in bankruptcy should be reported as such with a zero balance.  The Federal Trade Commission's commentary on the Fair Credit Reporting Act directs that debts discharged

7

in bankruptcy be reported with a zero balance to reflect that the consumer is no longer personally liable for the discharged debt.

34. Because Defendant obtained knowledge of Plaintiff's bankruptcy discharge on at least two occasions, i.e., the BNC – Meeting of the Creditors and the BNC – Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction.  Despite such knowledge, Defendant continues its collection efforts upon the discharged debt.

35. Defendant's acts of refusing to update Plaintiff's credit reports to show a zero balance after the Bankruptcy discharge violate the discharge injunction.

36. Defendant's actions of refusing to update Plaintiff's credit reports were designed to coerce payment of the discharged debt.

37. Plaintiff has suffered injury to their credit report, have been turned down for credit and/or have had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

38. As a result thereof, Plaintiff has suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

39. Accordingly, Defendant should be held in contempt and is liable to Plaintiff for actual, compensatory and punitive damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law.  Plaintiff also requests this Court, on the jury returning a verdict for the Plaintiff, to assess an attorney fee to be awarded to Plaintiff's attorney.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully

prays that judgment be entered against each and every Defendant, jointly and severally, by this

Court for the following:

a)  Award Plaintiff actual damages;

b)  Award Plaintiff punitive damages;

c)  Award Plaintiff statutory damages where applicable;

d)  Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment;

e)  Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f)  Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the __13__ day of ~~November~~ *December* 2010.

David W. Vickers (VIC001)
*Attorney for Plaintiffs*
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**SUNTRUST MORTGAGE, INC.**
c/o CSC-Lawyers Incorporating Service
150 S. Perry St.
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104